IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CRIMINAL NO. 21-716 RB |
| vs. | ) | |
| SERENA LYNN CONTRERAS, | ) | |
| Defendant. | ) | |

**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
AUG 11 2021
MITCHELL R. ELFERS
CLERK OF COURT

**PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER having come before the Court upon the United States' Motion for Preliminary Order of Forfeiture (Doc. 21), finds that the motion is well taken and should be granted;

WHEREAS, the defendant, **SERENA LYNN CONTRERAS**, pleaded guilty pursuant to a Plea Agreement (Doc. 19) to an Indictment charging in Counts 1-3 a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine, and 18 U.S.C. § 2, Aiding and Abetting.

WHEREAS, pursuant to her plea agreement, the defendant agreed to forfeit to the United States all her right, title, and interest to the following property that was seized on January 28, 2021:

    a. Taurus 9mm handgun, serial number TMR17875; and

    b. 9mm magazine.

[Continued on next page]

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to 26 U.S.C. § 5861(d) and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General and/or the Secretary of the Treasury (or a designee) is authorized to seize the Subject Property.

3. Upon entry of this Order, the Attorney General and/or the Secretary of the Treasury (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. To the extent that the Subject Property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. Fed. R. Crim. P. 32.2(b)(6).

5. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the Subject

Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, made part of the sentence and included in the Judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ROBERT C. BRACK
Senior United States District Judge